## BIERNDT v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 8, 1924. Rehearing Denied January 2, 1925.)

No. 3341.

1. **Criminal law** ⊜⟹1159(3)—**Verdict on conflicting evidence conclusive on appeal.**

The verdict of jury on conflicting evidence is conclusive on appeal.

2. **Criminal law** ⊜⟹449(2)—**Whether identification hesitatingly or positively made properly shown.**

Though generally it may not be proper to testify as to one's opinion of another's state of mind, whether identification is hesitatingly or positively made may properly be shown, and question whether codefendant's identification of accused was doubtful, followed by substituted question whether he expressed any doubt, was not objectionable.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Walter Bierndt and another were charged with falsely assuming and pretending to be officers of the United States with intent to defraud. From the judgment, defendant Bierndt brings error. Affirmed.

William A. Sherwin, of Chicago, Ill., for plaintiff in error.

James G. Cotter, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error and another were charged with falsely assuming and pretending to be officers of the United States with intent thereby to defraud complaining witness of $200.

We have examined the abbreviated printed transcript, and, at the earnest insistence of counsel for plaintiff in error, also the full stenographic report of the trial. For the government there was evidence of several witnesses identifying plaintiff in error as one of several who went to the house of the complaining witness representing themselves to be officers of the federal government, and demanding and securing entry into the premises and obtaining from her $200 for refraining from arresting her. Plaintiff in error denied that he was ever present at the premises or saw the alleged injured party, but that at that time he was far away from the scene of the alleged offense. Other witnesses testified in support of his alibi.

[1] This is a typical case presenting a conflict of evidence, wherein the verdict of

the jury, on which the judgment was based, must be accepted by this court as conclusive upon the controverted facts.

[2] Error is charged as to the evidence for the government of Police Captain Smith. The codefendant, Osinski, testifying in his own behalf expressed uncertainty of identification of plaintiff in error as having been present with him at the time and place in question. Captain Smith testified in rebuttal that the next day at the police station Osinski identified plaintiff in error as one of those then present and being asked whether Osinski had any doubt on the subject, he answered, "No." On objection by counsel for plaintiff in error, the court asked the witness whether Osinski then expressed any doubt, and the witness again answered, "No." While generally it may not be proper for one to testify as to his opinion of the state of mind of another, it is evident that what the witness intended to convey was that the identification was made without hesitancy on the part of the person who identified, and to state what actually occurred at the time of that identification rather than to express his opinion as to Osinski's state of mind. Whether or not an identification was hesitatingly and haltingly made, or was emphatic and positive, may properly be shown. The court's question, which may well be regarded as a substitute for the previous one, tended to elicit this information, and was not under the circumstances objectionable.

No substantial error appearing, the judgment of the District Court must be, and it is, affirmed.